937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald M. PROVENCE, Defendant-Appellant.
 No. 90-3307.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Donald Provence appeals a sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute fifty kilograms or more of marijuana in violation of 21 U.S.C. Secs. 812, 841, and 846. On appeal, Provence argues the district court erred by failing to reduce the offense level for his role as a minor participant. We exercise jurisdiction under 18 U.S.C. Sec. 3742 and affirm.
 
 
 3
 Provence contends his sentence should be reduced with a minor participant adjustment. According to the Sentencing Guidelines, a sentencing court may decrease a defendant's offense level by two points if he is a minor participant in the criminal activity. U.S.S.G. Sec. 3B1.2(a). The Guidelines commentary defines a "minor participant" as "one who is less culpable than most other participants." Id. commentary (n. 3). The decision whether to grant a minor participant adjustment is a fact determination that will not be disturbed on appeal unless clearly erroneous. E.g., United States v. Williams, 923 F.2d 1397, 1404 (10th Cir.1990). The defendant has the burden of demonstrating minor participation and must show his entitlement to a downward adjustment by a preponderance of the evidence. United States v. Maldonados-Campos, 920 F.2d 714, 717 (10th Cir.1990).
 
 
 4
 Here, the court made a factual finding in the sentencing hearing regarding a minor participant adjustment:
 
 
 5
 After listening to the arguments of the defense and the Government concerning the possible calculations that Mr. Provence was a minimal participant, the Court finds that Footnote No. 3 for Guidelines 3B1.2, defines a minor participant as any participant who is less culpable than most other participants but whose role cannot be described as minimal. The details of the offense clearly outline Mr. Provence is less culpable than the co-defendant, Gainer; however, his conduct is more than minimal because the offense involved several negotiations over a period of time and direct participation in the actual consummated transaction. The defense in the opinion of the Court has not provided substantial new information sporting [sic] the point that Mr. Provence is not entitled to a two level decrease as a minor participant in the criminal activity; therefore, your request is denied. (Emphasis added.) From the context and the fact a minimal participant adjustment was not at issue, it is clear the court found Elias' participation in the drug transaction did not warrant a minor participant adjustment. Based on our review of the record, we cannot conclude the district court's finding is clearly erroneous.
 
 
 6
 Provence argues and the government concedes he was not an organizer and policy-maker in the drug transaction and thus is less culpable than his codefendant who was. Being less culpable than an organizer and policy-maker, however, does not in itself entitle a defendant to a minor participant adjustment. We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3